IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

ANTHONY POMPEY, )
)
    Plaintiff, )
)
v. ) Case No.
)
FIFTH THIRD BANCORP, )
)
    Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, ANTHONY POMPEY ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, FIFTH THIRD BANCORP ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Count II of Plaintiff's Complaint is based on the North Carolina Collection Agency Act, § 75-50, et seq. ("NCDCA").

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

4. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

5. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

1

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Charlotte, Mecklenburg County, State of North Carolina.

8. Plaintiff is a consumer as that term is defined by the NCDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the NCDCA.

10. Defendant is a debt collector as that term is defined by the NCDCA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a financial institution with a principal place of business located in the City of Cincinnati, Hamilton County, State of Ohio.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. Defendant attempted to collect a debt within the State of North Carolina.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. During the course of its attempts to collect debts allegedly owed, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged debt from Plaintiff.

19. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

20. Within the past four (4) years of Plaintiff filing this Complaint, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone number at xxx-xxx-6855, in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 800-240-8151, which is one of Defendant's telephone numbers.

22. Within the past four (4) years of Plaintiff filing this Complaint, Respondent placed calls to Plaintiff's telephone at an excessive rate.

23. On or about February 9, 2020 at 2:11 p.m., Plaintiff spoke with one of Defendant's collectors and requested for Defendant to stop calling him.

24. Despite Plaintiff's request for Defendant to stop calling him, Defendant continued to place collection calls to Plaintiff's telephone unabated including, but not limited to, on or about February 11, 2020 at 4:03 p.m. and 6:27 p.m. and February 12, 2020 at 8:32 a.m.

25. None of the telephone calls Defendant made to Plaintiff was for an emergency purpose.

26. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

27. All of the calls Defendant made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

28. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

3

29. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

30. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live representatives for Plaintiff on Plaintiff's cellular telephone.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

38. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

39. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not

4

Case 3:20-cv-00271-GCM   Document 1   Filed 05/11/20   Page 4 of 7

more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of Plaintiff's cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiffs has as to complete ownership and use of Plaintiff's cellular telephone; and

   e. Causing Plaintiffs to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff repeats and re-alleges paragraphs 1-39 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

41. Defendant violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ANTHONY POMPEY, respectfully requests judgment be entered against Defendant, FIFTH THIRD BANCORP, for the following:

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

43. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00,

5

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

44. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future; and

45. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE NORTH CAROLINA DEBT COLLECTION ACT

46. Plaintiff repeats and re-alleges paragraphs 1-39 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

47. Defendant violated the North Carolina Debt Collection Act based on the following:

    a. Defendant violated § 75-52 of the North Carolina General Statutes when it used conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect the alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him;

    b. Defendant violated § 75-52(3) of the North Carolina General Statutes when it caused a telephone to ring or engaged a person in a telephone conversation with such frequency as to be unreasonable or constitute harassment to the person under the circumstances, when Defendant called Plaintiff at an excessive rate; and

    c. Defendant violated § 75-55 of the North Carolina General Statutes by attempting to collect any debt by use of unconscionable means when Defendant engaged in the foregoing misconduct.

48. Defendant's actions constituted an unfair or deceptive acts or practices by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on

6

a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, ANTHONY POMPEY, respectfully requests judgment be entered against Defendant, FIFTH THIRD BANCORP, for the following:

49. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 75-56(b);

50. Punitive damages pursuant to North Carolina General Statute § 75-56(c);

51. Costs and reasonable attorneys' fees; and

52. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

May 11, 2020                By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, PLLC
North Carolina Bar No. 47432
1770 Indian Trail Road, Suite 175
Norcross, GA 30093
Tel: 678–395-7795
Cell: 678-960-9030
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com